Kiren Rockenstein (SBN 175638)
J. Curtis Edmondson (*Pro Hac Vice* Pending)
Law Offices of J. Curtis Edmondson
3699 NE John Olsen Ave.
Hillsboro OR  97124
Phone: (503) 336-3749
Fax: (503) 482-7418
Email: jcedmondson@edmolaw.com
Email: kirenr@edmolaw.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## [PORTLAND DIVISION]

| | |
|---|---|
| LISA FOX, an Individual,<br><br>        Plaintiff,<br><br>v.<br><br>BIG FROG CUSTOM T-Shirts, Inc., a Florida Corporation,<br>BOOSTAHOLICS an unknown entity, and<br>MICHAEL BERENIS, an individual.<br><br>        Defendants. | Case No.:  3:17-cv-02066-SI<br><br>FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff LISA FOX (hereinafter, "Plaintiff"), for her complaint against, BIG FROG CUSTOM T-Shirts, Inc., a Florida Corporation (hereinafter "BIG FROG"), BOOSTAHOLICS INC., an unknown entity (hereinafter "BOOSTAHOLICS"), and MICHAEL BERENIS, an individual, (hereinafter "BERENIS"), (all collectively, hereinafter "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      This is a civil action seeking damages and injunctive relief for copyright infringement under 17 U.S.C. § 101 et seq. Plaintiff, by Plaintiff's attorneys, brings this action to challenge the activities of Defendants with regard to the unlawful use of Plaintiff's copyrighted image (hereinafter "Image"). Defendants have violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106, and this conduct has caused Plaintiff damages.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question), and § 1338(a) (copyrights).

3.      This Court has personal jurisdiction over Defendants because a substantial part of the infringing acts complained of were directed against Plaintiff within the state of Oregon, and Defendants have caused injury to Plaintiff within the state of Oregon.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

5.      Plaintiff is an individual residing in the state of Oregon, and is a professional graphic designer by trade.

6.      Plaintiff is a copyright owner who holds exclusive rights to copyrighted works pursuant to 17 U.S.C. §§ 101 and 106.

7.      Defendant BIG FROG is a corporation organized and existing under the laws of the state

of Florida, with its principal place of business located at 533 Main Street, Dunedin, FL 34698. It

is a franchisor of the BIG FROG brand with a franchisee store location at 7071 Coastal Blvd,

Brooksville, FL 34613.

8.      Defendant BOOSTAHOLICS is an unknown entity.

9.      Defendant BERENIS is an individual residing in the state of Florida

## FACTUAL ALLEGATIONS

### I.      PLAINTIFF CREATES THE IMAGE

10.      Plaintiff created the original Image in 1999, while a student at the Pacific Northwest

College of Art. The Image is an animated depiction of a monkey and a football, referencing a

common military euphemism used when someone is behaving in an incompetent manner or has

mismanaged a situation. Exhibit 1.

11.      Plaintiff has used the Image on merchandise such as stickers, hats, and t-shirts, and sells

these items via her website http://www.monkeyfuckingafootball.com/order.html, Exhibit 2.

12.      Plaintiff has ownership rights and copyrights to the Image. The copyright was registered

as Visual Material in 2004, under registration number VAu000617323. Exhibit 3.

### II.      BERENIS CREATES BOOSTAHOLICS

13.      BERENIS, according to his LinkedIn profile, is a self-styled "Automotive Influencer".

14.      BERENIS hosts an online show called BOOSTAHOLICS, which is about car culture.

BOOSTAHOLICS merchandise can be bought online.

15.     BOOSTAHOLICS is solely owned and operated by BERENIS and therefore the corporate

form of BOOSTAHOLICS is the alter-ego of BERENIS and the acts and conduct of BERENIS

can be imputed to BOOSTAHOLICS.


### III.     BIG FROG CREATES AN INFRINGING DERIVATIVE OF THE IMAGE

#### a.   BERENIS visits a local BIG FROG franchise to create a logo

16.     BIG FROG is a company who designs and makes custom T-shirts and other products, it

licenses out the use of its brand to franchisees.

17.     BIG FROG was formed in 2008, since then it has opened over 70 stores nationwide,

including two in Oregon (Portland, and Beaverton), with the average annual franchise revenue

reaching just under $350,000.00 in 2016. (https://bigfrogfranchise.com/financials/).

18.     Upon information and belief, BERENIS approached BIG FROG franchise store location

in Brookville, FL, to design a custom logo for him. The logo provided to him by the BIG FROG

franchisee was an unlawful derivative of Plaintiff's Image.

19.     When confronted by allegations of copyright infringement, BERENIS approached BIG

FROG for clarification regarding the origin of the logo provided to him, and was told that BIG

FROG would take no responsibility for the actions of its franchisee. Exhibit 4.

#### b.   BIG FROG franchisor exerted sufficient control over franchisee store such that franchisee store is an agent of BIG FROG franchisor

20.     Each Big Frog franchise location, including the one visited by BERENIS, has a distinctive

appearance, each store is designed to feel like walking into a tropical rainforest, with a

characteristic bright decor. These stores all share a common theme, giving the consumer the

impression that all stores are managed in a method analogous to a large corporation, with the same

assurances of quality and professionalism.

21.    Upon information and belief BIG FROG plays a hands-on role in the operations of a

franchisee. BIG FROG's website describes the support provided to franchisees as follows:

> "Big Frog will introduce, **teach, train and support you in operating your**
> **store**; one that is unique in the franchise world. We help you with site
> selection, lease negotiation, design, layout and help equip your store. We
> **train you in Tampa** for a minimum of a week **and at your store** for four
> days. We provide **on-going support** in a wide variety of ways, and we help
> you with marketing, recruitment and **<u>training of personnel</u>**. We will assist
> and advise you with the procurement of equipment and inventory and do so
> on an ongoing basis." (emphasis added)

22.    Upon information and belief Big Frog franchisee are agents of BIG FROG, making BIG

FROG liable for the actions of  the Big Frog franchise store visited by BERENIS.


**IV.    BERENIS AND BOOSTAHOLICS create copies of the infringing derivative of
the Image**

23.    BERENIS used the logo provided to him by BIG FROG, an infringing derivative of the

Image, on various merchandise associated with BOOSTAHOLICS.

24.    Copies of the infringing work were placed on t-shirts, posters, stickers, and used online in

videos posted by BERENIS on the BOOSTAHOLICS YouTube website. Exhibit 5.


**CLAIMS FOR RELIEF**
**COUNT I – COPYRIGHT INFRINGEMENT**
**Violation of 17 U.S.C. § 101 et seq.**

25.    Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated

herein.

26.    Defendants' use of Plaintiff's Image was never authorized, permitted or allowed by

Plaintiff.

27.     BERENIS, BOOSTAHOLICS and BIG FROG unlawfully used Plaintiff's Image, without Plaintiff's express or implied authority, on BOOSTAHOLICS' promotional material, website, and merchandise such as t-shirts, Exhibit 5.

28.     Plaintiff is informed and believes and thereon alleges that BERENIS went to BIG FROG to have a custom image created for him by their graphic designers. BIG FROG sold BERENIS an image that was a clear derivative of Plaintiff's Image.

29.     BIG FROG's admitted participation in the infringing activity is indicated in the attached letter. Exhibit 4.

30.     Plaintiff is informed, believes, and thereon alleges that Defendants deliberately and willfully infringed upon Plaintiff's copyrights in Image pursuant to Title 17 of the U.S. Code § 106. Defendants reproduced, prepared derivative work, displayed, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit Plaintiff's Image without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

31.     Plaintiff has suffered irreparable injury as a result of these copyright infringements by Defendants and will continue to do so unless Defendants are enjoined by this Court.

32.     As a result of Defendants' violation of Title 17 of the U.S. Code, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).

33.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

34.     Plaintiff is also entitled to injunctive relief to prevent or restrain further infringement of the Image pursuant to 17 U.S.C. § 502.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for the following relief, against all Defendants in this case:

A.     Entry of judgment that Defendant has infringed the copyrights in the Image;

B.     An award of statutory damages from Defendant's infringements, in an amount to be proven at trial, in accordance with 17 U.S.C. § 504(c), with interest;

C.     Preliminary and permanent injunctive relief requiring Defendant to deliver for destruction all copies of the Image in accordance with 17 U.S.C. § 503(b);

D.     Enjoining Defendant from further infringement of all Image pursuant to 17 U.S.C. § 502;

E.     An award of the costs and reasonable attorneys' fees Plaintiff incurred in bringing this action; and

F.     An award of any other and further relief as the Court deems just and equitable.

Date: July 02, 2018                    Respectfully submitted,

By:     _____
Kiren Rockenstein (SBN 175638)
Edmondson IP Law
Attorney for Plaintiff