# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LISA FOX**, | Case No. 3:17-cv-2066-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL BERENIS, BOOTAHOLICS, INC., and BIG FROG CUSTOM T-SHIRTS, INC.**, | |
| Defendants. | |

Michael O. Stevens, STEVENS & LEGAL, LLC, 3699 NE John Olsen Avenue, Hillsboro, OR 97214; J. Curtis Edmondson, EDMONDSON IP LAW, 3699 NE John Olsen Avenue, Hillsboro, OR 97214. Of Attorneys for Plaintiff.

Eric J. Neiman, LEWIS BRISBOIS BISGAARD & SMITH LLP, 888 SW Fifth Avenue, Suite 900 Portland, OR 97204-2025. Of Attorneys for Defendant Big Frog Custom T-Shirts, Inc.

**Michael H. Simon, District Judge.**

Plaintiff Lisa Fox ("Fox") alleges copyright infringement against Big Frog Custom

T-Shirts, Inc. ("Big Frog").[1] Big Frog filed a motion to dismiss for lack of personal jurisdiction.

For the following reasons, Big Frog's motion is GRANTED.

---

[1] By stipulation, Plaintiff previously dismissed with prejudice her claims against Defendants Michael Berenis and Bootaholics, Inc. ECF 18.

**STANDARDS**

On a motion to dismiss for lack of personal jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). When the court's determination is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (quotation marks and citation omitted). In resolving the motion on written materials, the court must "only inquire into whether the [plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id.* (quotation marks omitted) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). A plaintiff cannot rest solely on the bare allegations of its complaint, but any uncontroverted allegations in the complaint must be taken as true. *Id.* Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.* (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996), and *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

Unless a federal statute governs personal jurisdiction, a district court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Oregon's long-arm statute is co-extensive with constitutional standards. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing Or. R. Civ. P. 4(L) and *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384-85 (1982)). Thus, this Court need only determine whether its exercise of personal jurisdiction over Big Frog would offend constitutional due

process requirements. *See Boschetto*, 539 F.3d at 1015; *see also Hydraulic Servocontrols*, 294 Or. at 384-85.

Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). The Supreme Court has rejected the application of "mechanical" tests to determine personal jurisdiction. *Id.* at 319; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Rather, a court should consider the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Int'l Shoe*, 326 U.S. at 319.

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. A court has general personal jurisdiction over a defendant whose contacts with the forum are "continuous and systematic," even if those contacts are wholly unrelated to the plaintiff's claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). If a court lacks general personal jurisdiction, it may nonetheless have specific personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King*, 471 U.S. at 472-74.

## BACKGROUND

Fox seeks injunctive relief and damages against Big Frog for alleged copyright infringement under 17 U.S.C. § 101, *et. seq*. Fox is a professional graphic designer in Oregon. Fox alleges that she created an image of a monkey and a football ("the Image") in 1999 while she was a student at the Pacific Northwest College of Art. She further alleges that she registered

PAGE 3 – OPINION AND ORDER

a copyright of the Image in 2004 and has ownership rights to the Image. Fox uses the Image on merchandise that she sells on her website, such as stickers, hats, and t-shirts.

Big Frog is a corporation and franchisor that sells franchises. Each franchisee owns and operates an apparel printing business using the Big Frog brand name. Big Frog supports each franchisee's store, including with training for a store's personnel. In return, the franchisees pay Big Frog a monthly royalty of a percentage of sales. Franchisees also contribute a percentage of their sales to Big Frog for nationwide marketing. Big Frog has 70 franchisees nationwide, with two franchised stores in Oregon. Big Frog is a Florida corporation and has its principal place of business in Florida. Big Frog has no offices or employees located in Oregon.

Fox alleges that an individual named Michael Berenis entered a Big Frog franchised store in Florida and requested that the franchisee design a logo for him. The Florida franchisee allegedly provided Berenis with an unlawful derivative of Fox's Image, which Berenis then used on promotional materials and merchandise that he sold on his website. Fox alleges that these actions violate federal copyright law and deprived her of revenue. Fox further alleges that when Berenis asked Big Frog to clarify the origin of the derivative image that the Florida franchisee for Berenis, Big Frog told Berenis that it takes no responsibility for the Florida franchisee's actions. Fox does not allege that either of the Oregon franchisees participated in the creation, production, or sales of the alleged derivative image.

## DISCUSSION

Big Frog argues that the Court should dismiss this case for lack of personal jurisdiction. The Court agrees. Big Frog lacks sufficient contacts in the forum for the Court to exercise general jurisdiction, and Big Frog's Oregon contacts are not sufficiently related to the underlying dispute for the Court to exercise specific jurisdiction over Big Frog.

## A. General Jurisdiction

Only a limited set of affiliations with a forum will render a defendant subject to general jurisdiction in that forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cty.*, 137 S. Ct. 1773, 1780 (2017); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The Supreme Court reiterated that "the 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). The principal place of business refers to the "nerve center" where a corporation coordinates its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The "nerve center" will typically be the corporate headquarters. *Id*. General jurisdiction may arise in a forum other than the place of incorporation or the principal place of business, but only in exceptional circumstances. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952); *see also Daimler*, 571 U.S. at 130 n.8. In *Perkins*, for example, warfare in the Philippines required the defendant corporation to relocate to Ohio. 342 U.S. at 447-448. Ohio then became "the center of the corporation's wartime activities" and, accordingly, a proper forum to exercise general jurisdiction over the defendant. 571 U.S. at 130 n. 8.

Fox alleges that two franchise stores in Oregon, which generate combined revenue of $700,000, provide continuous and systematic contacts between Big Frog and Oregon. Fox points to Big Frog's website and marketing materials to show that Big Frog offers training and support to the Oregon franchisees. Fox also asserts that Big Frog actively manages the Oregon stores from Florida.

The two franchised stores in Oregon, however, do not provide minimum contacts between Big Frog and Oregon that are sufficient to subject Big Frog to general jurisdiction in Oregon. Florida, not Oregon, is where Big Frog is incorporated. Florida also is the principal place of business and the exclusive "nerve center" of Big Frog. Fox's allegation that Big Frog manages the Oregon franchised stores from Florida further supports this finding. Even if the two Oregon franchised stores are responsible for what Fox asserts is a substantial portion of Big Frog's revenue, and even if Big Frog trains personnel in the Oregon franchised stores, Big Frog is not "at home" in Oregon. *See, e.g.*, *Daimler*, 571 U.S. at 123, 140 (holding that a regional office and ten percent of all U.S. car sales occurring in California were insufficient to establish general jurisdiction). Big Frog's website and marketing materials also are insufficient to establish general jurisdiction. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 460 (9th Cir. 2007) (holding marketing publications and a "passive website" insufficient to establish general jurisdiction). Finally, no extraordinary facts, such as those present in *Perkins*, support exercising general jurisdiction in a forum other than Big Frog's state of incorporation or principal place of business.

## B. Specific Jurisdiction

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the
> defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and
> substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Fox bears the burden of satisfying the first two prongs. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). If a plaintiff does that, the burden of satisfying the third prong then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp.*, 471 U.S. at 476-77.

The first prong embodies two distinct, although sometimes conflated, concepts: purposeful availment and purposeful direction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802 (citations omitted). Copyright infringement is often characterized as a tort. *See Mavrix Photo*, 647 F.3d at 1228. Therefore, the Court applies the purposeful direction analysis for Fox's allegation of copyright infringement. *See id.*

The purposeful direction test, often referred to as the "effects" test, derives from *Calder v. Jones*, 465 U.S. 783 (1984). *See Panavision*, 141 F.3d at 1321. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

Under the first prong of the effects test, Fox must demonstrate that Big Frog itself committed an "intentional act." Fox alleges that Big Frog itself participated in the manufacture and sale of merchandise that infringed on Fox's copyright. Accepting that allegation as true for purposes of the pending motion, Big Frog has committed an "intentional act" within the meaning of the effects test. Thus, the first prong of the effects test is satisfied. *See Washington Shoe Co. v.*

*A-Z Sporting Goods Inc*., 704 F.3d 668, 674 (9th Cir. 2012) (finding the first prong of the effects test satisfied because the defendant sold merchandise that allegedly infringed upon the plaintiff's copyright) (abrogation on other grounds recognized by *Axiom Foods*, 874 F.3d 1064).

Under the second prong of the effects test, Fox must next demonstrate that Big Frog expressly aimed its intentional act at the forum state. *See Schwarzenegger*, 374 F.3d at 806; *Bancroft*, 223 F.3d at 1088. Fox argues that the Court has jurisdiction because the harm occurred in Oregon to an Oregon resident and Big Frog had notice that Fox resides in Oregon because her website lists an Oregon mailing address. Harm occurring in Oregon and mere notice of Fox's residency in Oregon, however, does not satisfy the "expressly aimed" prong. Fox, therefore, has not satisfied the second part of the effects test.

Big Frog did not expressly aim its actions at Oregon because the alleged actions of copyright infringement are not connected to Oregon. "There must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State . . . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") *Bristol-Myers Squibb Co.* 137 S. Ct. 1773, 1781 (2017) (citations omitted). Big Frog's Oregon connections consist of its two franchised stores. Neither Oregon store is alleged to have participated in the alleged creation, production, or sale of the allegedly derivative logo that gives rise to Fox's claims. Rather, Fox alleges that a Florida franchisee of Big Fox designed and printed the allegedly infringing image for a Florida resident located in Florida. The mere existence of franchisees within Oregon does not sufficiently connect Oregon to the underlying controversy that occurred in Florida.

Further, harm in Oregon that resulted from actions that occurred in Florida does not connect Oregon to the underlying controversy or show that Big Frog expressly aimed its actions at Oregon. "An intentional act aimed exclusively at a location other than the forum state, which results in harm to a plaintiff in the forum state, does not satisfy the 'express aiming' requirement." *Yahoo! Inc.*, 433 F.3d at 1224–25 (citations omitted). Moreover, "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. Rather, courts must look to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. Actions aimed at Florida that resulted in injury to an Oregon resident do not provide sufficient contacts with an Oregon forum to satisfy the "expressly aimed" prong of the effects test. Fox must show something more.

The expressly aimed prong requires a more direct connection between Big Frog's alleged copyright infringement and Oregon, such as Big Frog using the copyrighted Image for commercial gains in the forum. In *Mavrix Photo*, for example, an Ohio corporation posted photographs of celebrities on its website. 647 F.3d at 1221. Mavrix alleged that the photographs violated its copyright. *Id.* The defendant used the photos to attract California web users to its website and then to obtain a profit from those web users. *Id.* at 1230. The Ninth Circuit found that the defendant expressly aimed its actions at California because the defendant used the photographs successfully to target web users in the forum state for the corporation's commercial success. *Id.* at 1230. Similarly, in *adidas Am., Inc. v. Cougar Sport, Inc.*, adidas brought a trademark infringement claim against Cougar Sports alleging that Cougar Sports produced and sold merchandise with a confusingly similar design to adidas' merchandise. 169 F. Supp. 3d 1079, 1085 (D. Or. 2016). This Court held that Cougar Sport expressly aimed its actions at the forum because Cougar Sport maintained a highly interactive, commercial website accessible

to Oregon residents and sold merchandise directly into Oregon that allegedly violated adidas'

copyright. *Id.* at 1091.

Unlike in *adidas*, Fox does not allege that Big Frog itself sold any merchandise with the

allegedly derivative image within Oregon or sought any sales to Oregon residents. Moreover,

Fox does not even allege that Big Frog maintained a commercial website that is highly

interactive and accessible to Oregon residents. Unlike in *Mavrix Photo*, where the defendant

directly used the allegedly infringing items to obtain economic benefit in the forum state, Fox

has not alleged that Big Frog used the copyrighted Image to attract or gain commercial benefit in

Oregon. The present case is more analogous to *Schwarzenegger v. Fred Martin Motor Co.*,

where Arnold Schwarzenegger brought suit in California against an Ohio car dealership for using

his photograph without his authorization in local advertisements. 374 F.3d at 799. In

*Schwarzenegger*, the Ninth Circuit stated that the car dealership may have known that

Schwarzenegger lived in California and that the dealership's intentional act may have eventually

harmed Schwarzenegger in California. *Id.* at 807. Nonetheless, those facts—which are materially

similar to Fox's allegations—did not subject the car dealership to personal jurisdiction in

California. *Id.* Schwarzenegger did not satisfy the "expressly aimed" prong because the

dealership's "express aim was local." *Id.* So too here.

Big Frog's alleged notice of Fox's residency in Oregon also fails to satisfy the "expressly

aimed" prong. Fox argues that Big Frog was on notice that she was an Oregon resident because

an Oregon address is listed on her website. Fox argues that when the Florida franchisee visited

Fox's website to create a derivative image from Fox's copyright Image, the Florida franchisee

would have seen Fox's Oregon mailing address. Fox appears to be invoking a theory of

"individualized targeting." The Ninth Circuit previously recognized a theory of "individualized

targeting" in copyright cases as an alternative basis to satisfy the "expressly aimed" prong. The Ninth Circuit had "repeatedly stated that the 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Washington Shoe*, 704 F.3d at 675 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

The Supreme Court in *Walden v. Fiore*, however, held that knowledge of a plaintiff's residency in a forum no longer satisfies the "expressly aimed" prong. 571 U.S. at 287-90 (rejecting the Ninth Circuit's approach that a defendant's knowledge of a plaintiff's forum connections and the foreseeable harm that a plaintiff suffered in the forum satisfies the "effects test"). In *Axiom Foods*, 874 F.3d at 1069-70, the Ninth Circuit explained that a defendant's mere knowledge of the copyright and the forum of the copyright holder no longer, on its own, satisfies the "expressly aimed" prong. *Id.* Instead, *Axiom Foods* held that courts "must look at defendants' 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Id.* at 1070. Even if Fox can reasonably infer, based on the address listed on her website, that Big Frog knew of both Fox's copyright and her residency in Oregon, this is no longer sufficient to support the exercise of specific jurisdiction. *See id.*

Neither the notice of Fox's residency in Oregon nor the harm suffered in Oregon satisfies the "expressly aimed" prong of the effects test. Fox has not shown that Big Frog purposefully directed its activities or consummated some transaction with this forum. Thus, the Court may not exercise specific jurisdiction over Big Frog. *See Schwarzenegger*, 374 F.3d at 802.[2]

---

[2] Because Fox has not satisfied the second part of the *Calder* effects test, the Court need not reach the third part of the effects test.

## CONCLUSION

Big Frog's motion to dismiss for lack of personal jurisdiction (ECF 24) is GRANTED,

and Big Frog's motion to stay discovery (ECF 34) is DENIED AS MOOT.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge